UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LUIS MILLIAN MARTINEZ,

      Petitioner,

    v.                                        Case No.:  2:26-cv-00953-SPC-DNF

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION CENTER *et
al*,

      Respondents,

                                     /

## <u>OPINION AND ORDER</u>

Before the Court are petitioner Luis Millian Martinez's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 10).

Millian Martinez is a native of Cuba who entered the United States on May 17, 1980.  An immigration judge ordered him removed to Cuba on June 21, 2006.  Immigration and Customs Enforcement ("ICE") released Millian Martinez under an order of supervision on October 24, 2006.  He has an extensive criminal history, including convictions for burglary, larceny, sexual assault, escape, robbery, resisting an officer, trespassing, and fraud.  ICE encountered Millian Martinez again in October 2025 at Dade C.I., where he was serving time for possession of drugs and drug paraphernalia.  Millian Martinez was detained at Alligator Alcatraz when he filed his petition, but he

is now at ERO El Paso Camp East Montana.  Millian Martinez argues his detention is unlawful because he has been detained more than 90 days.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  533 U.S. 678, 700-01 (2001).  If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699.  The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701.  So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.*  Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably

foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Millian Martinez's petition is premature because his current detention has not exceeded 180 days. They assume the six-month presumptively reasonable period of detention resets each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to detain noncitizens indefinitely and avoid judicial scrutiny by releasing and re-detaining them every 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Millian Martinez fails to carry his initial burden. He provides no reason to believe ICE cannot remove him in the reasonably foreseeable future.

Accordingly, it is hereby

**ORDERED:**

Luis Millian Martinez's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on April 15, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record